WIGGINTON, Judge.
Appellant appeals a judgment and sentence entered upon his conviction of trafficking in cocaine, challenging the denial of his motion to suppress. We affirm.
Appellant relies upon the decision in Minnesota v. Olson, 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990) in which the court declared that a defendant’s status as an overnight guest in another’s home “is alone enough to show that he had an expectation of privacy in the home that society is prepared to recognize as reasonable.” (Emphasis supplied). Appellant asserts that he has standing on that basis to contest the search of Beverly Smith’s apartment in which he was present at the time of his arrest. However, the record supports a factual determination that appellant was not, in fact, an overnight guest nor was he a guest who, under the totality of the circumstances, necessarily had a valid expectation of privacy in the area searched. Compare Daniels v. State, 411 So.2d 1034 (Fla. 1st DCA 1982).
We do not disagree with the position taken by Judge Ervin in his dissenting opinion herein that Olson does not necessarily deny standing to one whose status in a residence is less than that of an overnight guest. We recognize that, in certain circumstances, another type of guest might meet the test of having a sufficiently valid expectation of privacy in the area searched to claim Fourth Amendment protection. However, we find that the record supports the trial judge’s obvious conclusion that the factual circumstances of this case, as shown by the testimony at the suppression hearing, do not rise to that level, especially in light of the testimony of Beverly Smith. Ms. Smith stated: She was shocked to find appellant in her home when she arrived there late at night; she had never seen him before; appellant explained that her boyfriend had let him in but the boyfriend was *62 not there himself at that time; her boyfriend did not have free access to the apartment but had a key only for that one day to “change clothes” in the apartment; and nothing was ever said about appellant staying there. Her subsequent testimony that appellant could have stayed at her apartment if he had wished does not necessarily override the impression obviously left upon the trial judge by the totality of her statements. We defer to his factual determination in this regard.
Since a reasonable view of the evidence supports a determination that appellant did not have a reasonable expectation of privacy sufficient to assert Fourth Amendment protection, we affirm the trial court’s denial of the motion to suppress.
AFFIRMED.
WENTWORTH, Senior Judge, concurs.
ERVIN, J., dissents with opinion.